**THE SECUNDUS (fourteen cases).**

(District Court, E. D. New York. August 28, 1926.)

Nos. 8903, 8948, 8957, 9091, 9190, 9297, 9375, 9389-9393, 9421, 9435.

**1. International law �köⁿⁿ10—Suggestions filed in libel by republic of France held not to conform to order requiring them to be presented through diplomatic channels.**

Suggestions filed in libel by republic of France *held* not to conform to order requiring them to be presented through diplomatic channels, in view of fact that Secretary of State in his certificate expressly assumed no responsibility for contents.

**2. International law �köⁿⁿ10.**

Suggestions filed in libel alleging that libeled motorship "is the property of the republic of France" *held* insufficient, as not alleging ownership at time claims arose.

In Admiralty. Libels by the Vacuum Oil Company, by the National Lead Company, by the American Linseed Company, by Berth, Levi & Co., Inc., by the Philadelphia Seed Company, by the Royal Bank of Canada, by the Beadenkopf Leather Company, by the D'Aureli Steamship Laundry, by the Linea Sud-Americana, Inc., by Omesimo J. Tauler and others, by the Toxaway Tanning Company, by Eudaldo Romagosa & Cia, by Swift & Co, and by the Proctor Ellison Company against the motorship Secundus and others. Libelants' exceptions to alleged suggestions filed by the republic of France sustained.

See, also, 15 F.(2d) 713.

Bigham, Englar & Jones and James W. Ryan, all of New York City, for Linea Sud-Americana, Inc.

Burlingham, Veeder, Masten & Feary and Van Vechten Veeder, all of New York City, for National Lead Co., American Linseed Co., and Berth, Levi & Co., Inc.

Forrest E. Single and Robert S. Allyn, both of New York City, for Philadelphia Seed Co., Royal Bank of Canada, Beadenkopf Leather Co., Tauler, Rodriquez, Veci, Algarra, Toxaway Tanning Co., Eudaldo Romagosa & Cia, Swift & Co., and Proctor Ellison Co.

Crowell & Rouse and E. Curtis Rouse, all of New York City, for D'Aureli Steamship Laundry.

Barry, Wainwright, Thacher & Symmers and Joseph M. Brush, all of New York City, for Vacuum Oil Co.

Joseph P. Nolan, of New York City, for ambassador and counsul general of the republic of France.

Kirlin, Woolsey, Campbell, Hickox & Keating and Donald D. Geary, all of New York City, for motorship Secundus and others.

MOSCOWITZ, District Judge. The libelants have excepted to the alleged suggestions filed by the republic of France.

On July 8, 1926, an opinion was delivered by this court, directing that the exceptions to the alleged suggestions which were filed by the consul general of the republic of France be sustained. It was therein pointed out the proper procedure to be followed by the republic of France in filing its suggestions to the jurisdiction of this court. The court said:

"If the republic of France had filed a suggestion herein by its ambassador through

diplomatic channels, this court would not assume jurisdiction of this action. However, the republic of France, or any other foreign government, should not be charged with waiver of jurisdiction unless by express agreement,. and the decision of this court should not be based upon a technicality as affecting the republic of France."

[1] An unusual privilege was extended to the foreign government to permit it to file new suggestions. The way was pointed out, but has not been followed. The alleged suggestions that have been filed by the republic of France do not conform with the opinion rendered, and are totally insufficient. The alleged suggestions now filed are as follows:

"United States District Court, Eastern District of New York.

"Vacuum Oil Company, Libelánt, against the Motorship Secundus.

"The claim of the republic of France, presented by Anne Marie Louis de Sartiges, chargé d'affaires of the republic of France to the United States of America, acting on behalf of, and by virtue of authority vested in him by, the republic of France, in the absence of Henry Berenger, ambassador of France to the United States of America, intervening for the interest of the republic of France in the motorship Secundus, as owner thereof, as the same is libeled in this court by the Vacuum Oil Company, in an alleged claim for supplies furnished to said vessel, civil and maritime, avers:

"First. That the United States District Court for the Eastern District of New York is without jurisdiction in the premises.

"Second. The said motorship Secundus is the property of the republic of France.

"Third. The republic of France has never consented that the said motorship be seized or proceeded against by judicial process, or that the republic of France be sued in respect thereto.

"Fourth. In appearing herein the claimant desires to plead and establish the immunity of the said motorship Secundus from seizure or detention under the process of this court, or other subjection thereto, and the freedom of said motorship from all liens, including the lien herein asserted.

"Wherefore he prays to defend accordingly. Chargé d'Affaires of the Republic of France to the United States of America, Acting on Behalf of, and by Virtue of Authority Vested in Him by, the Republic of France, in the Absence of Henry Berenger, Ambassador of France to the United States of America.

"United States of America, District of Columbia—ss.:

"Anne Marie Louis de Sartiges, being duly sworn, deposes and says:

"That he is chargé d'affaires of the republic of France to the United States of America, acting on behalf of, and by virtue of authority vested in him by, the republic of France, in the absence of Henry Berenger, ambassador of France to the United States of America; that he has read the foregoing suggestions and claim; and that the same is true of his own knowledge, except as to the matters therein stated on information and belief, and as to those matters he believes it to be true.

"Sworn to before me this 24th day of July, 1926.

"[Signed]     Sartiges.
"[Signed]  Miles M. Shand.   [Seal.]"

Attached to the suggestions is the following certificate:

"No. 22016. United States of America, Department of State. [Seal.]  To All to Whom These Presents Shall Come—Greeting: I certify that Sartiges, whose name is subscribed to the paper hereto annexed, is duly accredited to this government as chargé d'affaires of France.

"In testimony whereof I, Frank B. Kellogg, Secretary of State, have hereunto caused the seal of the Department of State to be affixed and my name subscribed by the chief clerk of the said department, in the District of Columbia, this 26th day of July, 1926.

"[Signed]   Frank B. Kellogg,
"Secretary of State,
"By E. J. Ayers, Chief Clerk.

"For the contents of the annexed document the department assumes no responsibility.  [Seal.]"

It will be noted that in the certificate the Secretary of State expressly assumes no responsibility for the contents of the alleged suggestions. The Secretary of State simply certifies that Sartiges is accredited to this government as chargé d'affaires of France. In this the Secretary of State merely performed a ministerial act.  This falls far short of the establishment of the sanction of our government to the alleged suggestions.

The alleged suggestions in each case, which have been filed herein, are identical, and do not comply with the order made herein on the 12th day of July, 1926, which contains the following provision:

"Ordered, adjudged, and decreed that, if the government of the republic of France does not present a suggestion through dip-

lomatic channels on or before the 27th day of July, 1926, the marshal shall advertise the vessel for sale in accordance with the rules of this court on the 3d day of August, 1926, and a writ of venditioni exponas for the sale of the vessel on said date or such subsequent date as the court may fix, shall issue."

The alleged suggestions are suggestions in name only.

[2] In the original alleged suggestions filed herein, the republic of France, through its consul general, set forth the following:

"First. The said motorship Secundus is, *and at all times mentioned in the libel* filed herein was, the property of the republic of France."

It is significant that in the present alleged suggestions the republic of France sets forth the following:

"Second. The said motorship Secundus is the property of the republic of France."

Assuming that the suggestions were properly filed, they are insufficient on the face thereof. The alleged suggestions state that the motorship Secundus *is* the property of the republic of France. This suggestion is verified on the 24th day of July, 1926. All of the claims accrued prior to that date. The court is not concerned with the title to the motorship, if acquired by the republic of France subsequent to the time the claims were incurred. Nowhere in the alleged suggestions is it stated that at the time the alleged claims arose the republic of France was the owner, or in possession or control, of the said motorship. If the republic of France acquired ownership of the motorship Secundus subsequent to the claims, its ownership would be subject thereto.

The exceptions to the alleged suggestions are sustained. Settle orders on notice.